UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON GUTIERREZ,

                Petitioner,

         - against -

CARL DUBOIS, in his official capacity as sheriff of Orange County, et al.,

                Respondents.

**ORDER**

20 Civ. 2079 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        On May 14, 2019, Petitioner Ramon Gutierrez filed a petition pursuant to 28 U.S.C. § 2254 seeking release from detention or, in the alternative, a bond hearing.  (Pet. (Dkt. No. 2))

        On May 22, 2020, Petitioner filed an amended petition pursuant to 28 U.S.C. § 2241, the All Writs Act, 28 U.S.C. § 1651, and Article I, Section 9, of the U.S. Constitution, seeking an order of immediate release or, in the alternative, a bond hearing (the "Petition"). (Am. Pet. (Dkt. No. 54) at 15)  The Petition alleged (1) a substantive due process claim under the Fifth and Fourteenth Amendments; (2) a procedural due process claim under the Fifth and Fourteenth Amendments; (3) a Fourth Amendment unlawful seizure claim; and (4) an unlawful detention claim under 8 U.S.C. § 1225(b)(2).  (Id. at 14)

        The same day, Petitioner also moved for a temporary restraining order directing his immediate release, on the ground that Respondents' "continued detention of Petitioner [during the COVID-19 pandemic] constitutes deliberate indifference to a medical need of the utmost urgency."  (Pet. Br. (Dkt. No. 50-1) at 7)

On June 10, 2020, this Court issued an Order denying the Petition and Petitioner's motion for a temporary restraining order. (Order (Dkt. No. 67)) The Court found that (1) Petitioner's detention was lawful under 8 U.S.C. § 1225(b)(2) because removal proceedings against him remained pending; (2) Petitioner had not shown a Fourth Amendment violation based on "unlawful seizure"; (3) Petitioner's substantive due process claim failed because Respondents did not act with deliberate indifference; and (4) Petitioner had not shown a procedural due process violation because his detention without a bond hearing was not unreasonably prolonged, and Respondents had a compelling interest in continuing Petitioner's detention. (Id. at 5-20)

On June 25, 2020, Petitioner timely appealed this Court's June 10, 2020 order. (Notice of Appeal (Dkt. No. 69))

On January 7, 2021, Petitioner was released from detention on an order of supervision. (See Resp. Br. (Case No. 20-2041, Dkt. No. 54) at 6; see also id. Waterman Decl., Exs. 1-2))

Respondents filed a motion for summary affirmance or dismissal for lack of jurisdiction in the appellate action on March 12, 2021. (See id.)

On August 2, 2021, the Second Circuit issued an order granting Respondents' motion for summary affirmance as to the denial of Petitioner's Fourth Amendment claim, and dismissing Petitioner's "other claims, . . . because th[e] Court lacks jurisdiction to consider them." (See Order (Dkt. No. 73) at 1) (citations omitted) The Second Circuit also found that Petitioner's "claims relating to the conditions of his confinement have become moot because he has been released on an order of supervision." (Id. (citing Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008))) The Court therefore vacated "the portion of the district court's judgment

related to [Gutierrez's] substantive due process claims[,]" and remanded to this Court "with instructions to dismiss those claims as moot."[1]  (Id. at 1-2 (citing Lavin v. United States, 299 F.3d 123, 128–29 (2d Cir. 2002); Russman v. Bd. of Educ., 260 F.3d 114, 122 (2d Cir. 2001)))

Article III of the U.S. Constitution requires that, "at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." Russman, 260 F.3d at 118. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 647 (2d Cir. 1998). Once "'a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (quoting Fox v. Bd. of Trs. of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994)).

Here, because Petitioner was released from detention on January 7, 2021, he is no longer suffering the alleged injury on which he bases his substantive due process claim – that his detention "constitute[s] deliberate indifference to Petitioners' medical needs. . . ." (Am. Pet. (Dkt. No. 54) ¶ 37)  Moreover, as he is no longer detained, there is no expectation that the injury will recur. His substantive due process claim is therefore moot, and this Court lacks subject matter jurisdiction over the claim.

---

[1] Although the Second Circuit's order refers to Petitioner's substantive due process "claims," Petitioner asserts only a single claim for violation of his substantive due process rights under the Fifth and Fourteenth Amendments.  (See Am. Pet. (Dkt. No. 54) at ¶¶ 45-46)

Accordingly, Petitioner's substantive due process claim under the Fifth and Fourteenth Amendments is dismissed as moot.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner.

Dated: New York, New York
       August 17, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge